**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

FILED

99 AUG 25 PM 1:34

U.S. DISTRICT COURT
N.D. OF ALABAMA

STAR KITCHENS, INC., AND )
RONNIE MOATES, )
 )
    Plaintiffs, )
 )
vs. )   Civil Action No. CV-99-S-1446-S
 )
VIVA HEALTH, INC., )
 )
    Defendant. )   **ENTERED**
 )
   AUG 2 5 1999

**MEMORANDUM OPINION**

This action is before the court on defendant's motion to
dismiss and plaintiffs' motion to remand. Upon consideration of
the pleadings, motions, briefs, and oral arguments of counsel, this
court concludes plaintiffs' motion is due to be denied and
defendant's motion is due to be granted.

Plaintiff Star Kitchens purchased a group health insurance
policy from defendant on March 1, 1998. The policy originally
covered two employees, Scotty and Ronnie Moates. After the policy
issuance, however, coverage was limited to plaintiff Ronnie Moates.
Ronnie Moates' son, Christopher Bryan Moates, who was insured under
the policy as a dependent, was diagnosed as suffering from an
unidentified internal disorder in January of 1999. Christopher
Bryan Moates required extensive testing and medical treatment.

Plaintiffs became aware in April of 1999 that defendant had

canceled the insurance policy.    The policy termination was
effective February 28, 1999.  Despite the termination, defendant,
continued to collect premiums from plaintiff Star Kitchens in March
and April of 1999.

The policy at issue contains an internal grievance procedure,
which provides for the internal resolution of any dispute between
an insured and the policy provider.[1]  Defendant argues plaintiffs
failed to utilize this procedure.

Plaintiffs filed their complaint in the Circuit Court of
Jefferson County, Alabama, on May 6, 1999.  Defendant removed to
this court on June 4, 1999, pursuant to 28 U.S.C. § 1441.  Subject
matter jurisdiction is based upon both diversity of citizenship, 28
U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331.
Defendant contends the employee pension benefit plan at issue is a
plan under the terms of the Employee Retirement Income Security Act
of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").  Defendant further

---

[1] The Grievance Procedure provides in part:

Any problem or dispute between a Member and the Plan or between a
Member and a Participating Provider must be dealt with through
VIVA's Grievance Procedure.  Grievances may concern non-medical or
medical aspects of care as well as the terms of the Certificate of
Coverage, including its breach or termination.  Grievances are begun
and conducting according to procedures set forth herein.    The
Grievance Procedure may be revised by VIVA from time to time.    The
Grievance Procedure must be initiated by the Member no later than
twelve (12) months after the issue in question occurred. ...

(Document No. 5, Exhibit A at 29.)

2

contends that plaintiff Ronnie Moates claims an entitlement to the benefits allegedly wrongfully denied to him. According to defendant, therefore, plaintiffs' complaint arises under ERISA, 29 U.S.C. § 1132.[2]

In response to plaintiffs' motion to remand, defendant argues that the only proper cause of action for such pension benefits exists under § 502 of ERISA. 29 U.S.C. § 1132(a). Defendant contends plaintiffs' state-law claims are preempted by § 514 of ERISA. 29 U.S.C. § 1144(a),[3] and, accordingly should be dismissed.

### I. PLAINTIFFS' MOTION TO REMAND

It is well settled ERISA expressly preempts most state laws

---

[2] 29 U.S.C. § 1132 provides in pertinent part:

**(a)  Persons empowered to bring a civil action**

A civil action may be brought —

    (1)  by a participant or beneficiary —

        (A)  for the relief provided for in subsection (c) of this section, or

        (B)  to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan ...

[3] 29 U.S.C. § 1144(a) reads as follows:

**(a)  Supersedure; effective date**

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

3

dealing with and relating to ERISA plans.  The Supreme Court said
as much in *Metropolitan Life Insurance Company v. Taylor*, 481 U.S.
58, 62-63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987), holding that
"a suit by a beneficiary to recover benefits from a covered plan
... falls directly under § 502(a)(1)(B) of ERISA, which provides an
exclusive federal cause of action for resolution of such disputes."
The *Taylor* Court went further to say that "Congress may so
completely pre-empt a particular area that any civil complaint
raising this select group of claims is necessarily federal in
character."  *Id.* at 63, 107 S.Ct. 1546.  Such preemption is
referred to as "complete," or "super" preemption.  Complete
preemption, for purposes of removal jurisdiction, displaces state-
law claims and allows a defendant to remove to federal court those
actions that contain such claims, creating an exception to the
well-pleaded complaint rule.

Complete preemption "arise from Congress's creation of a
comprehensive remedial scheme in 29 U.S.C. § 1132 for loss or
denial of employee benefits."  *Butero v. Royal Maccabees Life
Insurance Company*, 174 F.3d 1207, 1211 (11th Cir. 1999) (citing
*Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. at 63-64, 107
S.Ct. at 1546).  Federal courts have subject matter jurisdiction

4

over state-law claims that have been super-preempted and defendants

may remove such actions to federal court.  *Butero*, 174 F.3d at

1212.   The *Butero* Court pointed out that, "[r]egardless of the

merits of the plaintiff's actual claims (recast as ERISA claims),

relief is available and there is complete preemption, when four

elements are satisfied."  *Id.*   These four elements are: 1)there

must be a relevant ERISA plan; 2) the plaintiff must have standing

to sue under the plan; 3) the defendant must be an ERISA entity;

and 4) the complaint must seek compensatory relief akin to that

available under § 1132(a).  *See id.*

29 U.S.C. § 1002 defines "employee welfare benefit plan" as

"any plan, fund, or program which was ... established or maintained

by an employer ... to the extent that such plan, fund, or program

was established or is maintained for the purpose of providing for

its participants or their beneficiaries, through the purchase of

insurance or otherwise ..."   Plaintiff Star Kitchens established

and maintained a group health insurance policy for its employees.

Therefore, the policy is an ERISA plan.

Second, both plaintiffs have standing to sue under ERISA.

Plaintiff Ronnie Moates has standing as a plan participant.[4]  Star

---

[4] *See* note 2 supra.  29 U.S.C. § 1002(7) defines "participant" as:
any employee or former employee, or any member or former member of

5

Kitchens has standing as a fiduciary, because it acted as the plan

sponsor and plan administrator.[5] The second element, therefore, is

satisfied.

Next, defendant is an ERISA entity. It could control the

payments of benefits and the determination of Ronnie Moates' rights

of the ERISA plan at issue. *See Butero*, 174 F.3d at 1213.

Finally, the damages sought are available under § 1132.

Although plaintiffs' complaint purports to rely exclusively on

---

an employee organization, who is or may become eligible to receive
a benefit of any type from an employee benefit plan which covers
employees of such employer or members of such organization, or whose
beneficiaries may be eligible to receive any such benefit.

[5] 29 U.S.C. § 1002(16) defines "administrator" and "plan sponsors" as
follows:

(16)(A)    The term "administrator means —

    (i)    the person specifically so designated by the terms of
        the instrument under which the plan is operated;

    (ii)    if an administrator is not so designated, the plan
        sponsor; or

    (iii)    in the case of a plan for which an administrator is not
        designated and a plan sponsor cannot be identified, such
        other person as the Secretary may by regulation
        prescribe.

(B)    The term "plan sponsor" means (i) the employer in the case of an
    employee benefit plan established or maintained by a single
    employer, (ii) the employee organization in the case of a plan
    established or maintained by an employee organization, or (iii) in
    the case of a plan established or maintained by two or more
    employers or jointly by one or more employers and one or more
    employee organizations, the association, committee, joint board of
    trustees, or other similar group of representatives of the parties
    who establish or maintain the plan.

[Emphasis supplied.]

6

state law, they cannot avoid federal jurisdiction if the allegations involve an area of law that federal legislation has preempted. The Eleventh Circuit has held on many occasions that state-law breach of contract claims are preempted by ERISA. *See Williams v. Wright*, 927 F.2d 1540, 1550 (11th Cir. 1991). Courts also have given an expansive interpretation to the term "relate to," holding that a "state law relates to an employee benefit plan 'if it has a connection with or reference to such a plan.'" *Franklin v. QHG of Gadsden, Inc.*, 127 F.3d 1024, 1028 (11th Cir. 1997) (quoting *New York Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co.*, 514 U.S. 645, 656, 115 S.Ct. 1671, 1677, 131 L.Ed.2d 695 (1995)).

The terms of the group health insurance policy, specifically those terms dealing with the termination of coverage and notification of such, are directly at issue in the present case. Thus a determination of plaintiffs' state-law claims will require this court to examine the ERISA plan at issue. Plaintiffs seek damages in connection with the termination of the policy. These damages, however, may be recast as seeking a recovery of benefits and enjoining acts which violate ERISA.[6]

---

[6] *See* note 2 supra, for remedies available under ERISA.

7

Accordingly, plaintiffs' state-law claims have a direct connection to the administration of an ERISA plan. Plaintiffs' state-law claims are preempted by ERISA and recast as such for purpose of federal subject matter jurisdiction.

Plaintiffs argue that the plan is exempt from ERISA since it covered only one employee. The Eleventh Circuit, however, held in *Williams v. Wright*, 927 F.2d at 1545 that "a plan covering only a single employee, where all other requirements are met, is covered by ERISA."

Plaintiffs' motion to remand, therefore, is due to be denied.

## II. DEFENDANT'S MOTION TO DISMISS

### A.   Failure to Exhaust Administrative Remedies

Defendant argues that plaintiffs' complaint should be dismissed for failure to exhaust administrative remedies as required by ERISA. The Eleventh Circuit has consistently held that "plaintiffs must exhaust their administrative remedies under a covered benefits plan prior to bringing an ERISA claim in federal court." *Variety Children's Hospital, Inc. v. Century Medical Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995) (citing *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 160-61 (11th Cir. 1992); *see also Springer v. Wal-Mart Associates' Group Health Plan*, 908 F.2d 897,

8

899 (11th Cir. 1990); *Mason v. Continental Group, Inc.*, 763 F.2d
1219, 1227 (11th Cir. 1985), *cert. denied*, 474 U.S. 1087, 106 S.Ct.
863, 88 L.Ed.2d 902 (1986)). Plaintiffs neither pled nor recited
facts showing that they had exhausted the administrative remedies
under the plan. Defendant's motion to dismiss, therefore, is due
to be granted.

## B.   Defensive Preemption

Another ground for dismissing plaintiffs' complaint also
exists. A second type of preemption, which the Eleventh Circuit
refers to as "defensive preemption," also controls the issues
before this court. This type of preemption was discussed in a
recent Eleventh Circuit opinion, *Butero v. Royal Maccabees Life
Insurance Company*, 174 F.3d 1207 (11th Cir. 1999). The Eleventh
Circuit found defensive preemption originates in 29 U.S.C. §
1144(a) of ERISA. This type of preemption, unlike "complete
preemption," does not provide federal subject-matter jurisdiction
under 28 U.S.C. § 1331. State-law claims subject to defensive
preemption, however, must be dismissed.

Pursuant to the language of 29 U.S.C. § 1144(a), defensive
preemption applies to state-law causes of action that "relate to"
an ERISA plan. *Butero*, 174 F.3d at 1215. The issue then is

9

whether plaintiffs' claims for breach of contract and fraud "relate to" an ERISA plan. Plaintiffs' complaint, although purportedly raising only state-law causes of action, nevertheless relates to an ERISA plan for several reasons previously discussed. A relationship, therefore, exists between this lawsuit and the ERISA plan termination. Accordingly, plaintiffs' state-law claims are defensively preempted by 29 U.S.C. § 1144(a) and are due to be dismissed without prejudice to the right to refile a complaint stating claims under ERISA.

An appropriate order consistent with this memorandum opinion will be issued contemporaneously herewith.

DONE this _25ᵗʰ_ day of August, 1999.

United States District Judge

10